[No. G003045. Fourth Dist., Div. Three. Feb. 28, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN GLENN HOWELL, Defendant and Appellant.

COUNSEL

Elliott Gayer, under appointment by the Court of Appeal, for Defendant and Appellant.

Cecil Hicks, District Attorney, Michael Capizzi, Assistant District Attorney, William Bedsworth and Burl Estes, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

CROSBY, J.—Must an indigent accused—who is provided counsel for the arraignment only—be advised of and waive the right to appointed counsel

at all subsequent stages of the proceedings before the court may accept his guilty plea? *Yes*.

## I

Pursuant to rule 63(a), California Rules of Court, the Appellate Department of the Orange County Superior Court certified this appeal from the municipal court's denial of Stephen Howell's motion to declare the prior conviction of driving under the influence of alcohol unconstitutional. The uncontroverted evidence before the trial court on the motion established the following: Howell, an indigent, appeared for arraignment on a charge of driving under the influence of alcohol in the North San Diego County Municipal Court on April 20, 1984. There he was met and counseled along with some 100 other persons by an individual who appeared in the courtroom. During his presentation Howell learned this person was a private lawyer apparently provided by the court.

The attorney discussed possible defenses and potential problems associated with various types of blood-alcohol testing and described the concept of probable cause at length. On the subject of the right to counsel, he explained the court would provide a list of available attorneys. He did *not* advise that indigents would receive free counsel. The attorney also warned that a fine or jail sentence would be less if a defendant pleaded guilty at arraignment than if he were found guilty after a jury trial. The entire presentation took 45 minutes to an hour.

The crowd was then divided into three groups: those who wished to plead guilty, those who would plead not guilty, and those seeking to postpone the arraignment. Howell joined the first group and was given a guilty plea form to fill out.

The relevant portion of Howell's executed form is reproduced in the appendix to this opinion. It consists of a series of statements and advisements with accompanying boxes initialed by the defendant. The line beside the first of these boxes indicates an intent to plead guilty. The next language of pertinence to this appeal states, "I have discussed the nature of the charge(s) against me and the possible defense(s) with my attorney and understand them, and the consequences of plea of guilty/nolo contendere." Later the form sets out a series of constitutional rights and waivers of those rights; but they include only the rights to a speedy and public trial by jury, to confrontation and cross-examination, against self-incrimination, and to subpoena witnesses. No advisement or waiver of the right to counsel appears. The form closes with these words above the defendant's signature: "I have read, discussed, and have had explained by my attorney each of the above

items, and I understand each of them. I have initialed each item as proof thereof."

On the reverse side of the form are signature lines for the defendant's attorney and the judge. Above the attorney's signature the following language appears: "I hereby declare that I am the attorney for the defendant in the above-entitled criminal action; that I personally read, discussed and explained the contents of the above declaration to the defendant, and each item, thereof; that defendant's constitutional rights have not been violated. I concur in defendant's withdrawal of any prior pleas of not guilty; that I concur in defendant's entry of a plea of guilty/nolo contendere to the charge as set forth by the defendant in the above declaration. I further concur in defendant's admission of the prior conviction(s) as set forth in the above declaration. There is a factual basis for the plea. I have discussed the above statement with my client and the consequences of a statement under penalty of perjury." Noteworthy in this boilerplate is what is *not* there, a representation that the attorney has advised the defendant of the right to counsel at all stages of the proceedings.

The same is true of the language appearing above the judge's signature. It states, "The Court finds that defendant understands the charge, the penalties therefor, the constitutional rights surrendered. That the defendant expressly and explicitly waives the right to a jury trial, right to confront and cross-examine witnesses against him and the privilege against self-incrimination. That the plea and admission are voluntary; that the plea and admission should be accepted and that defendant is guilty of the charge. The Court orders that this statement be incorporated into the record."

According to Howell and a friend who accompanied him to court, after completing the form he appeared before the judge with a group of other defendants pleading guilty. His was the only signature on the form when it left his hands. He did not know that the attorney who addressed the group earlier would or did sign the form before it was submitted to the court, or even that the lawyer was purporting to represent him. Howell thought he was unrepresented. The judge, apparently relying on the several references to an attorney on the face of the plea form, believed otherwise; for he did not advise Howell of the right to counsel, appointed or otherwise.

The court's record of the proceedings, its docket, is also reproduced in the appendix. It begins with the name of the defendant and the attorneys involved. The deputy district attorney is listed by name. The space for defense counsel presumably does not give a name; a rubber stamp entry

reads, "Counseled by MAC Group."[1] Below that, two blanks are checked, one labeled "Appointed," the other "by the Court as attorney of record *for this proceeding only.*" (Italics added.)

The next checked statement reads, "Deft duly arraigned and advised of all constitutional rights." Following that entry the plea of guilty to section 23152, subdivision (a) of the Vehicle Code is noted. With the clerk's handwritten notations in capital letters, the critical portion of the docket reads, "Deft informed by Counsel of his constitutional rights and the consequences of a plea and the Court finds that deft understands hiw [*sic*] constitutional rights as specifically enumerated by Counsel and the consequences of a plea of GUILTY, that he freely, voluntarily, expressly and intelligently waives his right to: ____ Counsel, YES Trial by jury, YES Confrontation of witnesses, YES SUbpoena[2] [*sic*] witnesses on his own behalf, YES Against self-incrimination. YES Plea accepted by the Court."

## II

In certifying this appeal, the appellate department suggests the record presents the following questions:

"[1]. Whether, in taking a criminal defendant's plea of guilty to a criminal charge, where the defendant is under a reasonable good faith belief he is not represented by counsel, a court must advise him of the dangers and disadvantages of self-representation.

"[2]. Whether the record of appellant's prior conviction established he received the effective assistance of counsel where, before appellant entered a guilty plea, the attorney appointed to represent him collectively advised appellant and several other individuals about the elements of the charge, the possible defenses thereto, and their constitutional and statutory rights."

The first question, whether a defendant who believes he is representing himself but is in fact represented by counsel must be advised of the dangers of self-representation, will not yield a reasonable answer; for it is based on a bizarre premise, i.e., that the trial court would be aware of the misunderstanding and might proceed to encourage it by obtaining an unnecessary

---

[1]What is "MAC Group," an attorney perhaps? We are aware certain individuals have adopted distinctive spellings and uses of upper and lower case letters in their names. We know of no adherents of a school who use all upper case letters for given names only, "Macs" or otherwise, however. Nor have we heard of any rock groups exactly so yclept. To the contrary the "MAC Group" is, we understand, an ensemble of contract attorneys employed in this particular court in lieu of a public defender's office.

[2]See previous footnote.

*Faretta* waiver (*Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]). Moreover, we doubt the issue is even presented on this record. There is no reason to believe the magistrate was aware of any misunderstanding, as opposed to simply assuming Howell knew he was represented by the counseling attorney at the time the plea was entered.

. With respect to the second question, the court appears to be asking whether mass advisements by counseling attorneys constitute ineffective assistance of counsel per se. In other words, do they place this case on the outside of a constitutional line described by our Supreme Court in the following passage: "Thus in *In re Newbern* (1959) [] 168 Cal.App.2d 472, 476 [4a]-477 [4b] [3 Cal.Rptr. 364, 350 P.2d 116], the court found a denial of constitutional rights where more than 200 prisoners confined in four jail tanks were 'advised' of their rights by an unseen and unknown deputy public defender speaking to them in Orwellian manner over a public address system from a microphone in a corridor of the jail. By contrast, in *In re Sheridan* (1964) 230 Cal.App.2d 365, 368-369 [40 Cal.Rptr. 894], no denial of constitutional rights was found where the defendants were assembled in the courtroom for the announced purpose of being advised of their rights, and that advice was read to them by the clerk at the behest and in the presence of the judge." (*In re Johnson* (1965) 62 Cal.2d 325, 332 [42 Cal.Rptr. 228, 398 P.2d 420].)

■ The law is clear enough: So long as the waivers are taken by a judge who is satisfied the defendant has been appropriately advised, the judge need not personally administer the advisement. (*Ibid.;* see also *People* v. *Sumstine* (1984) 36 Cal.3d 909, 922 [206 Cal.Rptr. 707, 687 P.2d 904] and *In re Tahl* (1969) 1 Cal.3d 122, 133, fn. 6 [81 Cal.Rptr. 577, 460 P.2d 449].) Although the judge retains responsibility to determine that all waivers of constitutional rights are both informed and voluntary, far from finding ineffective assistance of counsel in attorney participation in mass advisements, the Court of Appeal has determined the presence of a "counseling attorney" to be constitutionally compelled. (*Rhyne* v. *Municipal Court* (1980) 113 Cal.App.3d 807, 819-821 [170 Cal.Rptr. 312].)

■ Thus, the answer to the general question posed, whether mass advisements by attorneys can constitute effective assistance of counsel, is yes, provided they are done correctly. ■ The difficulty here is that the uncontradicted evidence before the trial court demonstrates this one was not. Neither the counseling attorney nor the magistrate explained the continuing right to free counsel beyond the arraignment stage; and the defendant was not asked to, and never did, waive that fundamental right.

The trial judge correctly summarized the issue in ruling on the motion: "Counsel has raised a very subtle point, that he contends that he was not

advised of the opportunity to have a jury trial with the assistance of a publicly appointed attorney that would be provided without cost to him, raising the implication that maybe he chose the option of pleading guilty because he felt he had to hire an attorney in order to dispute the charge. [¶] It is a subtle point and there's some basis for it in the record, but I don't think that there's an indication that that was the reason for the defendant's decision to plead guilty in this case. And once he made that decision to plead guilty, I think that in the case of that single appearance, when he did enter his plea of guilty, he was effectively, in fact, represented by counsel."

The conclusion is erroneous. Counsel's "subtle" point is not subtle; it is basic. The constitutional right to appointed counsel does not exist solely at the arraignment. It applies to all stages of the proceedings: "The constitutionally imposed 'duty' to provide attorneys is not a matter of grace or form to be fulfilled by empty ritual. The right to counsel if it is to have meaning must aid and assist the defendant *at every stage of the proceedings.*" (*Rhyne* v. *Municipal Court, supra,* 113 Cal.App.3d 807, 822.)

Over 20 years ago our Supreme Court explained, "[T]he fundamental constitutional right to the assistance of counsel at all stages of the proceedings [citations] is, in California at least, not limited to felony cases but is equally guaranteed to persons charged with misdemeanors in a municipal or other inferior court. [Citations.] [¶] Implementing this constitutional declaration, Penal Code section 858 requires that 'When the defendant is brought before the magistrate upon an arrest, either with or without a warrant, on a charge of having committed a public offense, the magistrate must immediately inform him of the charge against him, and of his right to the aid of counsel in every stage of the proceedings.'" (*In re Johnson, supra,* 62 Cal.2d 325, 329; see also *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 301 [110 Cal.Rptr. 329, 515 P.2d 273] and Pen. Code, § 686.)

Here, if the proper advisement was given in the counseling session, which the defendant and his friend have denied under penalty of perjury, there is no record of it. It has, of course, long been the law that a proper advisement of the right to counsel at all stages of the proceedings will not be presumed from a mere notation that the defendant was "duly arraigned." (*In re Smiley* (1967) 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179]; see *People* v. *Sumstine, supra,* 36 Cal.3d 909, 923.) Nor is there any record of a waiver of the right to counsel for any further stages of the proceedings. Perhaps there is a basis to find Howell had an attorney at the arraignment, despite his understanding to the contrary; but the attorney was appointed for that proceeding only, as the court's own docket states.

Ironically, the concept of a court-provided, prearraignment counseling attorney was first imposed by the Court of Appeal in *Rhyne* because of the

wholesale violation of accused misdemeanants' rights in the same municipal court where this episode took place. *Rhyne* holds, and we agree, "A misdemeanor defendant in order to intelligently and knowledgeably waive his constitutional rights, including his right to counsel, and enter a plea, needs to consult with counsel and be advised on a host of matters preliminary to any plea. Counseling attorneys serve a most necessary purpose in mass production arraignment courts if the constitutional mandates are to be translated into realities." (*Rhyne* v. *Municipal Court, supra,* 113 Cal.App.3d at p. 822.)

The concept of counseling attorneys is fine, but in this case the implementation was wrong. The provision of an attorney for the arraignment only, who is delegated the responsibility to advise the defendants of their rights *outside the presence of the judge,* does not guarantee that defendants will be properly advised of the right to counsel at every stage of the proceedings. As discussed briefly above, our Supreme Court has approved less formal and rigid procedures in municipal court because of the numbers and relatively lesser gravity of the cases: "The *Johnson* decision [*supra,* 66 Cal.2d 606, 622] . . . teaches that in evaluating the procedures utilized in inferior courts for advising defendants of their rights and obtaining 'on the record' waivers, the realities of the typical municipal and justice court environment cannot be ignored, and that, so long as the spirit of the constitutional principles are [*sic*] respected, 'the convenience of the parties and the court should be given considerable weight.' [Citations.]" (*Mills* v. *Municipal Court, supra,* 10 Cal.3d 288, 303.)

Notwithstanding these "realities," the procedure utilized here was inadequate on any standard: "Despite heavy calendars faced by overburdened municipal court judges, proceedings which involve the entry of a guilty plea by an unrepresented defendant require that the trial judge make an effort to see that the accused has been informed of his predicament so as to render him capable of making an intelligent and knowing waiver of his rights. [Citations.]" (*In re Moss* (1985) 175 Cal.App.3d 913, 926 [221 Cal.Rptr. 645].) The defect in this proceeding is lamely justified on the basis the defendant had an attorney when he entered his plea. The justification is, of course, tautological and untenable.[3] Howell was only "represented" on pa-

---

[3]For an example of similar logic see W. S. Gilbert's "The Mikado":
"And so we straight let out on bail
A convict from the county jail,
Whose head was next
On some pretext
Condemned to be mown off,
And made *him* Headsman, for we said,
'Who's next to be decapitated
Cannot cut off another's head
Until he's cut his own off.'"

per without his knowledge. If he had been made aware of his continuing right to an appointed attorney's services, however, he might have elected to proceed to trial. No record of counsel's chat with his multitudinous clientele was presented below, if any was made; and the magistrate did not even attempt to obtain a waiver of further legal assistance from Howell. The result is that the current record contains absolutely no evidence of an appropriate advisement of the right to counsel at every stage of the proceeding—only sworn testimony to the contrary—and no waiver of the continuing right to counsel.

The decision to plead guilty must be made in light of the constitutional rights available at all stages, especially trial. The *Boykin-Tahl* rights essentially look toward trial (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl, supra,* 1 Cal.3d 122). The rights to confront and cross-examine witnesses and to a jury trial have no application at the arraignment stage, yet they are required advisements and waivers. The right against self-incrimination and the right to counsel apply at both trial and arraignment, of course; but the advisements and waivers of these rights may not be confined merely to their exercise at arraignment, any more than the exercise of the rights themselves. The motion to declare the prior conviction unconstitutional should have been granted.

The judgment is reversed accordingly.

Trotter, P. J., and Wallin, J., concurred.

## APPENDIX

MUNICIPAL COURT OF CALIF... COUNTY OF SAN DIEGO, NORTH ... JUDICIAL DISTRICT
325 S. Melrose ..., Vista, Cal. 92083

People of the State of California vs:

Defendant **Howell, Stephen**   Case # **B 99688**

Date: APR 2 0 1984

Deft appeared By/With Atty. ___Counseled By MAC Group___ ___Retained,
✔ Appointed ✔by the Court as attorney of record for this proceeding only.

DDA P.C. Walden ___ for the People.

✔ Deft duly arraigned and advised of all constitutional rights.

___ Deft duly arraigned, reading of complaint and statement of rights waived.

___ Deft moved to WITHDRAW plea of Not Guilty. Motion granted, plea of not guilty is set aside.

DEFT ENTERED PLEA OF: ✔ GUILTY           ___ NOLO CONTENDERE

As to CVC **23152 (a)** ___          ___ added as count ___ by stip of counsel.
                                    ✔ Remaining count(s) dismissed; furtherance of justice on motion by People upon plea, or

___ Deft admitted prior violation(s) of _____

___ Counsel represented to the Court that he/she had authority to enter plea on behalf of deft and deft waived presence.

___ Deft state he is a U.S. citizen, is not on probation or parole.
YES DEFT ADVISED: If you are not a citizen, you are hereby advised that conviction of offense(s) for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

YES Declaration and order re plea of Guilty/Nolo Contendere filed.

___ Deft's attorney furnished executed change of plea form, attached hereto and incorporated herein, and attested that deft personally completed said form and knowingly and voluntarily waived his relevant constitutional (Boykin/Tahl) rights.

YES Deft informed by Court/Counsel of his constitutional rights and the consequences of a plea and the Court finds that deft understands his constitutional rights as specifically enumerated by the Court/Counsel and the consequences of a plea of GUILTY/nolo, that he freely, voluntarily, expressly and intelligently waives his right to: ___ Counsel, YES Trial by jury, YES Confrontation of witnesses, YES Subpoena witnesses on his own behalf, YES Against self-incrimination.
YES Plea accepted by the Court.
___ Above waivers accepted by the Court as to admittance of any prior(s).

YES Deft waived time for sentence.      YES Counsel joined in waivers _____

SEE OVER FOR CONDITIONS OF PROBATION

Exhibit A

ADDENDUM

I have no other misdemeano. . fc. ly cases pending in any It . )alifornia; further, I have no prior convictions for violation of California Vehicle Code Sections 23101, 23102, 23103, 23105, 23106, 23152 and/or 23153, 14601, 14601.1, 14601.2, 14601.3 and this statement includes any and all cases under any other name or birthdate except for the following case: (Give date, code section, court, date of violation. Write NONE if none.)

I declare the foregoing to be true and correct under penalty of perjury.

Date:_____ at_____, California

_____
Defendant
=================================================================
ATTORNEY'S STATEMENT

I hereby declare that I am the attorney for the defendant in the above-entitled criminal action; that I personally read, discussed and explained the contents of the above declaration to the defendant, and each item, thereof; that defendant's constitutional rights have not been violated. I concur in defendant's withdrawal of any prior pleas of not guilty; that I concur in defendant's entry of a plea of guilty/nolo contendere to the charge as set forth by the defendant in the above declaration. I further concur in defendant's admission of the prior conviction(s) as set forth in the above declaration. There is a factual basis for the plea. I have discussed the above statement with my client and the consequences of a statement under penalty of perjury.
Blood alcohol level_____
Date:_____

_____
Attorney
=================================================================
The People of the State of Calfiornia, plaintiff in the above-entitled action, by and through its attorney, the prosecutor, concur in the defendant's withdrawal of any prior pleas of not guilty, and in the entry of defendant's plea of guilty/nolo contendere to the charge and the admission of prior conviction(s) set forth by the defendant in the above declaration.

Date:_____

_____
Deputy District Attorney (Prosecutor)
=================================================================
INTERPRETER'S STATEMENT (IF APPLICABLE)

I, _____,having been duly sworn, truly translated this form and all the questions herein to the defendant in the _____language. The defendant indicated that (s)he understood the contents of the form, and (s)he then initialed the form. Dated:_____Signed_____

_____
Interpreter
=================================================================
(  ) The Court inquires of Counsel, and counsel represents that:
(  ) The Court inquires of defendant, and defendant represents that:
Defendant has read and signed the above statement. That the initials on the above statement are, in fact, those of the defendant. That defendant understands the statement. That defendant understands each constitutional right and wishes to waive said rights. That defendant wishes to withdraw any prior pleas, and enter plea of guilty/nolo contendere to a violation of Vehicle Code Section 23152, subsection____, and to admit the validity of the prior conviction(s) as stated above. There is a factual basis_____.
The Court finds that defendant understands the charge, the penalties therefor, the constitutional rights surrendered. That the defendant expressly and explicitly waives the right to a jury trial, right to confront and cross-examine witnesses against him and the privilege against self-incrimination. That the plea and admission are voluntary; that the plea and admission should be accepted and that defendant is guilty of the charge. The Court orders that this statement be incorporated into the record.
Dated:      APR 20 1984

_____
Judge of the Municipal Court

~~_____ _____ upon plea of guilty/nolo contendere ____ violation of Vehicle Code Section ____ 52 ____ 3103 per 23103.5~~
(Defendant (to initial) each applicable statement)

1. I desire to plead guilty/nolo contendere to a violation of the indicated subdivision of section 23152 of the Vehicle Code
   (a) I admit I was under the influence of an alcoholic beverage or a drug, or under the combined influence of an alcoholic beverage and a drug while driving a vehicle.
   (b) I admit that while I was driving a vehicle, my blood contained 0.10 percent or more, by weight, of alcohol.
   (c) I admit I was addicted to the use of a drug while driving a vehicle.

   I have determined after advice from counsel to enter a plea of guilty/nolo contendere to the violation of section 23103 of the Vehicle Code. I admit and am pleading guilty/nolo contendere in this case to having violated VC 23103, a misdemeanor, driving a vehicle upon a highway in willful or wanton disregard for the safety of persons or property. I further admit that this occurred while there was, in my system, alcoholic beverages, and/or drugs.

3. I am now and was at the time this form was prepared in possession of all my faculties.

4. I have discussed the nature of the charge(s) against me and the possible defense(s) with my attorney and understand them, and the consequences of a plea of guilty/nolo contendere.

5. I understand that the possible consequences of a conviction of this offense include the following:
   For the next five years, this conviction will make any future offenses of VC 23152 or VC 23153 punishable as second, third, fourth or subsequent offenses.

| OFFENSE | Minimum & maximum sentences when probation is granted (3 years) | Min. & max Sentence w/o Prob. |
|---|---|---|
| First Offense within 5 years | Two options, both requiring attendance at an alcohol program, a fine of $675 to 861 including penalty assessment; up to 6 months in jail, plus a minimum of either:<br>(A) 48 hours in jail; or<br>(B) A 90 day license restriction allowing driving for work and alcohol program only | 96 hours to 6 months in jail, $675 to 861 fine, and a 6 month license suspension |
| Second offense within 5 years | ALL OF (A) OR (B) BELOW:<br>(A) 10 days to 1 year in jail, $675 to 1711 fine, and a 1 year license suspension;<br>OR<br>(B) 48 hours to 1 year in jail, $675 to 1711 fine, a 1 year alcohol program, and a 1 year license restriction allowing driving for work and alcohol program only. | 90 days to 1 year in jail; $675 to 1711 fine, and a 1 year license suspension. |
| Third Offense within 5 years | 120 Days to 1 year in jail, $675 to 1711 fine, a 3 year license revocation, and a 1 year alcohol program if one has not been completed before. | 120 days to 1 year in jail, $675 to 1711 fine and a 3 year license revocation. |
| Fourth offense within 5 years and subsequent) | 180 days to 1 year in jail, $675 to 1711 fine, a 4 year license revocation, and a 1 year alcohol program if one has not been completed before. | 180 days to 1 year in jail, $675 to 1711 fine, and a 4 year license revocation. |
| Reckless driving reduced from driving under the influence | If probation is NOT granted; 5 days to 90 days in jail, and $25J to 1701 fine, including penalty assessment. If probation IS granted; a maximum of 90 days in jail, and $1701 fine. | If alcohol or drugs are involved, this conviction will act as a prior conviction for driving under the infl. if a subsequent offense occurs. |

6. I understand that if I am not a citizen, a conviction of VC 23152 or 23103 may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

7. If the vehicle used in the violation is registered to me, the vehicle may be impounded at my expense for not more than 30 days.

8. I understand that I have the following constitutional rights which are necessarily surrendered upon a plea of guilty/nolo contendere:
   The right to a public and speedy trial by jury within 30 or 45 days;
   The right to confront and cross-examine the witnesses against me;
   The right to remain silent, to not incriminate myself, to refuse to be a witness against myself;
   The right to have witnesses subpoenaed, at no expense to myself, to testify in my behalf.

9. I expressly and explicitly give up each of the above constitutional rights.

10. I understand that a plea of nolo contendere (No contest) has the same legal effect as a plea of guilty except that the plea and any admissions required by the court during any inquiry as to the voluntariness of and factual basis for the plea may not be used against me as an admission of negligent conduct in any civil suit.

11. My decision to enter this plea has been made freely and voluntarily, without threat or fear to me or anyone closely related to or associated with me. I have not been forced in any way to enter this plea of guilty/nolo contendere. I have not been induced to plead guilty/nolo by any promise or representation of a lesser sentence, probation, reward, immunity, or anything else, except as stated below: (Counsel to specify)

12. I agree that the sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed, or stricken charges or allegations, when granting probation, ordering restitution, or imposing sentence.

13. I have read, discussed, and have had explained by my attorney each of the above items, and I understand each of them. I have initialed each item as proof thereof.

Dated: _4-20-84_ _____ _Stephen D. Howell_
                                             Defendant

Exhibit R