[No. F006903. Fifth Dist. Aug. 3, 1987.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD COX, Defendant and Respondent.

[Opinion certified for partial publication.*]

---

*Pursuant to Rule 976.1 of the California Rules of Court, this opinion is certified for publication with the exception of part II.

## COUNSEL

John K. Van de Kamp, Attorney General, Joel Carey, Garrett Beaumont and Edmund McMurray, Deputy Attorneys General, for Plaintiff and Appellant.

Jeanne W. Peden for Defendant and Respondent.

## OPINION

**FRANSON, Acting P. J.—**

### STATEMENT OF THE CASE

The People appeal from an order of the superior court granting respondent's motion for a new trial. Respondent and codefendant Taylor had been convicted on July 19, 1985, of multiple counts of sex acts in violation of Penal Code section 288, subdivision (b) and Penal Code section 288a, subdivision (d). The codefendant's motion for a new trial was granted because it had been discovered after trial that her "lawyer" was not in fact a licensed attorney. Thereafter, respondent's motion for a new trial also was granted because respondent and the codefendant had cooperated at trial by presenting a joint defense and respondent's lawyer had relied on the codefendant's imposter lawyer in defending respondent. The trial court recognized that a "novel issue" was presented—whether the fact that a codefendant is represented by a layman posing as a lawyer so permeates the fairness of the defendant's trial and the effectiveness of his counsel as to require a new trial.

After the new trial had been granted, respondent filed a Penal Code section 995 motion to set aside the information alleging that his right to counsel had also been violated at the preliminary hearing because of the imposter's representation of the codefendant at that hearing. However, no specific prejudice was alleged, and the motion was denied. Thereafter, re-

spondent petitioned for reconsideration of the motion alleging that 15 of the 26 counts in the information were based on the victim's testimony at the preliminary hearing which had been elicited by the imposter attorney's cross-examination. The trial court, however, did not rule on the motion for reconsideration because in the meantime the People had filed a notice of appeal from the order granting the new trial.

Respondent seeks a dismissal of the information and a new preliminary hearing arguing that he suffered substantial prejudice from the imposter attorney's incompetence at the preliminary hearing.

For the reasons to be explained, we reverse the order granting the new trial. We also hold that respondent is not entitled to a dismissal of the information and a new preliminary hearing.

### STATEMENT OF FACTS

The following facts are taken from the hearing on respondent's motion for a new trial. Wayne Redmond was a self-employed attorney licensed to practice by the California bar since 1976. He had been respondent's corporate, estate planning and "general law" attorney for two or three years prior to the filing of criminal charges against respondent. Redmond was retained by respondent to represent him on the criminal charges through trial; he was paid approximately $30,000 for his services.

Redmond's office was in the Los Angeles-San Fernando Valley area.

Redmond first met Glen Nakanishi, codefendant Taylor's "counsel," in the West Kern County Municipal Court when the case was being scheduled for a preliminary hearing. Nakanishi was introduced as the attorney appointed to represent Taylor. Redmond assumed Nakanishi was a member of the bar because he was accepted as such in the courtrooms in which he appeared.

Redmond remembered two pretrial court appearances which Nakanishi made for him, one because of Redmond's wife's medical problems, the other because Redmond was stuck in Gorman by the snow. He recalled that one appearance involved the granting of a discovery request and the other resulted in the granting of a continuance.

Redmond testified that he had numerous discussions with Nakanishi by phone and in person, and that he often relied on Nakanishi, who practiced in Bakersfield, for information on local court procedures. In addition to appearing at the preliminary hearing and trial with Nakanishi, Redmond

also recalled interviewing two prospective witnesses with Nakanishi, interviews set up by Nakanishi. Redmond and Nakanishi decided to coordinate defenses and did so throughout the trial, while Redmond used his own investigator. Redmond testified, "Nakanishi was my co-counsel, . . . we came to an understanding, . . . we would not be cutting each other's throat, . . . would try to cooperate as best we could."

Although Redmond recalled that Nakanishi was more reserved in making objections than he and that Nakanishi failed to bring up certain issues at final argument that he would have liked emphasized, Redmond recalled no specific instance of incompetence on the part of Nakanishi.

Redmond further testified that he was always aware that he was respondent's only representative and that the ultimate responsibility of defending respondent was his alone. Because he recognized that Nakanishi had no obligation to represent respondent and that he, Redmond, had no obligation to represent codefendant Taylor, Redmond always made the final decision regarding the presentation of respondent's case. Redmond testified that he always acted in respondent's best interest, and could think of no defense and no argument on behalf of respondent which was withdrawn as a result of Nakanishi's representation of defendant Taylor.

Redmond was shocked when he learned, after the trial, that Nakanishi was not in fact a licensed attorney.

After hearing Redmond's testimony and reviewing the record, the trial judge rejected respondent's contentions that a new trial should be granted because of insufficiency of the evidence, newly discovered evidence, prosecutorial failure to make an election in presenting the charges, and failure to properly admonish the jury regarding the charges. ▮▮▮ The trial court also rejected respondent's contention that he had received ineffective assistance of counsel from Redmond,[1] finding that Redmond's representation of respondent "was adequate and done in a workman like, lawyer like manner."

Nevertheless, the trial court granted respondent a new trial on the ground that respondent had been denied a fair trial because Redmond and

---

[1] Respondent had argued, among other things, at the hearing on the motion for new trial, that Redmond had failed to timely move for a dismissal of the information under Penal Code section 995 on the ground the evidence at the preliminary hearing did not support the charges in the information and for a severance of respondent's trial from Taylor's. After hearing Redmond's explanation as to why he did not make these pretrial motions, and after reviewing the record of the trial and finding no prejudice suffered by respondent, the trial court rejected the contentions. The record supports the trial court's exercise of discretion in this regard.

Nakanishi conducted a joint defense and Nakanishi was not, in fact, an attorney. Since respondent and his codefendant presented a joint cooperative defense, i.e., they did not commit the acts charged, the trial court was concerned that Redmond may have relied on Nakanishi in his defense of respondent more than he otherwise would have done. According to the trial court, this essentially deprived respondent of the effective assistance of counsel.

DISCUSSION

I. *The new trial motion was improperly granted.*

██  The trial judge has broad discretion in passing upon a new trial motion, and his exercise of discretion will not be disturbed on appeal unless the record clearly shows an abuse of discretion. (*People* v. *Montgomery* (1976) 61 Cal.App.3d 718, 728-729 [132 Cal.Rptr. 558].)

██  In proving an ineffectiveness of counsel claim, the defendant must show that counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense or that it is reasonably probable a decision more favorable to the defendant would have resulted in the absence of counsel's failings. (*People* v. *Pope* (1979) 23 Cal.3d 412, 425.) [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1]; *People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144].)

The trial court gave respondent a new trial on the theory that Attorney Redmond had relied on Mr. Nakanishi in the presentation of a "joint" defense. In the court's view, respondent had somehow suffered a loss of the zealous undivided representation of counsel that he otherwise would have received if Nakanishi had been a licensed attorney. However, the trial court made no finding of prejudice to respondent from his attorney's reliance on Nakanishi's legal efforts nor have we been able to find any such prejudice in our review of the record. The simple fact is that at every point in the trial respondent was represented by competent counsel diligently protecting his interests.

██  The only question then is whether respondent was deprived of due process or the effective assistance of counsel even though he made no showing of prejudice. The trial judge apparently believed this to be the case.

██ ██  Although a defendant unknowingly represented at trial by a layman posing as an attorney is automatically denied his Sixth Amendment right to counsel (see *People* v. *Felder* (1979) 47 N.Y.2d 287 [391 N.E.2d 1274, 1276-1278]; *Solina* v. *United States* (2d Cir. 1983) 709 F.2d 160, 167-

169), we find no authority to support the proposition that where a defendant is represented by a licensed competent attorney, the presence of an imposter posing as an attorney for a codefendant will somehow permeate the defendant's trial to the point of depriving the defendant of due process or the effective assistance of counsel. As we have stated, only where the defendant shows some prejudice from the imposter attorney's representation of the codefendant can it be said that the defendant's constitutional rights have been infringed upon. (See *Higgins* v. *Parker* (1945) 354 Mo. 888 [191 S.W.2d 668, 670], cited in *People* v. *Perez* (1979) 24 Cal.3d 133, 139, fn. 3 [155 Cal.Rptr. 176, 594 P.2d 1, 3 A.L.R.4th 339].)

Respondent's argument that his Sixth Amendment right to counsel was violated when Nakanishi represented him at his arraignment in the superior court must also fail. The record shows that at the arraignment respondent, who was out on bail, waived the reading of the information and the right to a speedy trial. He then pled *not* guilty to all counts.

█ Although the *arraignment* is a critical stage of the proceeding entitling the defendant to an attorney, the absence of an attorney at the arraignment is not such a grievous error that it compels a reversal without a showing of prejudice. In *Coleman* v. *Alabama* (1970) 399 U.S. 1, 10-11 [26 L.Ed.2d 387, 397, 90 S.Ct. 1999], the majority of our highest court determined that a complete denial of counsel at a preliminary hearing is not reversible per se, but should be evaluated under the *Chapman* "harmless beyond a reasonable doubt" standard. (*Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 711, 87 S.Ct. 824, 24 A.L.R.3d 1065]; see also *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 530 [165 Cal.Rptr. 851, 612 P.2d 941].) █ A standard of review that suffices for absence of counsel at a preliminary hearing certainly should suffice for absence of counsel at the arraignment. Since respondent has not argued that he would not have waived time for trial or the reading of the information if he had been represented by Mr. Redmond at the arraignment, he has not shown any prejudice from his waivers at the arraignment. Further, respondent pled not guilty and received a jury trial on all of the charges; hence, the absence of counsel at the arraignment was harmless beyond a reasonable doubt.

II. *Respondent has waived the right to a new preliminary hearing.**

* * * * * * * * * * * * * * * * * *

---

* See footnote, *ante,* page 1434.

The order granting the new trial is reversed.

Martin, J., and Best, J., concurred.

A petition for a rehearing was denied August 24, 1987.