Filed 8/11/16  Siringoringo v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| STEPHEN LYSTER SIRINGORINGO, | |
| Petitioner, | E063534 |
| v. | (Super.Ct.No. FWV1500818) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate/prohibition.  Shahla S. Sabet, Judge.  Petition denied.

Daniel G. Davis and Alan S. Yockelson for Petitioner.

Ronald L. Brown, Public Defender (Los Angeles), Albert J. Menaster, Deputy Public Defender, as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

1

Michael A. Ramos, District Attorney, Brent J. Schultze, Deputy District Attorney, for Real Party in Interest.

In this matter we are called upon to determine whether the complaint filed against petitioner must be dismissed because counsel was not present to assist him during his initial arraignment by two-way electronic audio-video communication. Because we determine that there are no grounds mandating the dismissal of the complaint, we deny the petition.

**STATEMENT OF THE CASE**

On March 5, 2015, a felony complaint was filed against petitioner listing 74 counts of grand theft, unlawful activities in conjunction with loan modification, money laundering, and conspiracy. On March 6, 2015, petitioner was arraigned by Judge Jerry Johnson by two-way electronic audio-video communication while he was in custody at county jail. No attorneys were present at the hearing. Although the minute order states that "Defendant is advised of Constitutional and Statutory Rights. (as attached and incorporated)," there is nothing attached and incorporated to the minute order. Petitioner was provided with a copy of the complaint. A plea of not guilty was entered and special allegations were denied. A conflict panel attorney was appointed for petitioner, pre-preliminary and preliminary hearing dates were set for March 13, 2015 and March 18, 2015, respectively, and bail was set at $17,837,000. Petitioner signed a form titled, "Waiver of Personal Presence Acknowledgment of Advisal of Constitutional Rights Via Two-Way Electronic Audio-Visual System" (Waiver of Presence) and dated March 6, 2015, but no boxes indicating acknowledgement or consent were checked.

On March 13, 2015, private retained counsel appeared in court with petitioner. At that time, counsel argued that based upon the Waiver of Presence and the lack of an attorney, petitioner was never effectively arraigned and asked for a dismissal of the complaint. Because the court was unfamiliar with this case, the request for dismissal was denied without prejudice to a further hearing on the issue. At the parties' request, the preliminary hearing was moved to March 19, 2015.

At the hearing on March 19, 2015, petitioner was given permission to file an untimely "motion to dismiss for failure to afford due process arraignment and right to private counsel." The district attorney (DA) initially waived defects and indicated his readiness to argue the motion. After counsel for the petitioner argued the motion, the parties determined that an evidentiary hearing may be required for which the People were not prepared. Petitioner waived time plus 30 days for his preliminary hearing, and the court set a status hearing for April 10, 2015, and the hearing on the motion to dismiss for April 13, 2015.

On April 6, 2015, the DA filed written opposition to petitioner's motion. On April 10, 2015, petitioner filed supplemental points and authorities in support of his motion addressing the issue of his federal and state constitutional right to have counsel present at arraignment. At the readiness hearing on that date, the hearing on the motion was continued to April 20, 2015. Prior to that hearing, the People filed an opposition to petitioner's supplemental points and authorities. On the date of the hearing, supplemental declarations were filed by petitioner. After listening to argument, the trial court determined that no evidentiary hearing was necessary and denied the motion, at least in

part, because the law does not require the presence of counsel at arraignment when a not guilty plea is entered. This petition followed.

## DISCUSSION

Petitioner contends (as does amicus curiae) that he has a constitutional and statutory right to the presence of counsel at arraignment and that the only remedy for the violation of that right is dismissal of the complaint. Consequently, he seeks an order of this court directing the trial court to vacate its order denying his motion and to enter a new order dismissing the complaint. The People do not contest that the right to counsel attaches at arraignment. However, they argue, it does not follow that counsel is required to be present at arraignment nor does it follow that the absence of counsel requires dismissal of the complaint as a matter of law.

This court recognizes the importance of the entitlement of one criminally accused to have the assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. This opinion does not in any way diminish or denigrate that fundamental right. Because we find that dismissal of the complaint is not mandatory under the specific facts of this case, we assume, for purposes of this opinion and without deciding the issue, that petitioner was entitled to have counsel present at the arraignment hearing.

While dismissal may be a proper remedy for a violation of constitutional rights, petitioner has not shown that it is mandatory in the context of this case. Petitioner concludes that if counsel was not present at his arraignment, he was illegally committed and the complaint must be dismissed. None of the cases he cites stand for that

4

proposition. In *Hamilton v. Alabama* (1961) 368 U.S. 52, the court reversed the conviction and resulting sentence of death that had resulted from a trial because the defendant was denied counsel at arraignment. (*Id*. at pp. 52-55.) It did not state that dismissal of the action was required. (*Ibid*.) Petitioner here has not yet proceeded to trial. Consequently, there is no conviction or sentence requiring reversal due to a presumption of prejudice in that yet to occur proceeding. The opinion was also limited in that it concerned a capital defendant and an arraignment proceeding that "may affect the whole trial" because certain trial defenses, if not raised, would be irretrievably lost. (*Id*. at p. 54.) Neither of those circumstances has been shown to be present here.

*Jennings v. Superior Court* (1967) 66 Cal.2d 867, concerns a motion to set aside an information under Penal Code section 995 after the defendant was denied the right to present an affirmative defense at his preliminary hearing. (*Id*. at pp. 870-871, 874.) The court granted relief ordering a writ of prohibition issue to prevent the defendant's trial on the tainted indictment. (*Id*. at p. 870.) Neither *Jennings* nor Penal Code section 995 requires the dismissal of a complaint for alleged defects in an initial arraignment hearing as both contemplate the commitment resulting after a finding of probable cause at a subsequent preliminary hearing. Whether or not counsel must be present at a preliminary hearing is not the question before this court.

*Sundance v. Municipal Court* (1986) 42 Cal.3d 1101, 1128-1129, reflects only that the defendants did not challenge on appeal the trial court's finding that their arraignment procedures violated due process, so the issue was not considered by the Supreme Court. It provides no authority for the proposition that dismissal is mandatory in this case.

*People v. Howell* (1986) 178 Cal.App.3d 268, held that the judgment resulting from defendant's guilty plea must be overturned because he was not advised of his right to appointed counsel at all stages of his case prior to his plea being entered. (*Id*. at pp. 273-276.) Again, it does not stand for the proposition advanced by petitioner. While the balance of the cases cited by petitioner reflect instances where dismissals were entered and affirmed, none support the conclusion that dismissal was required in this case as a matter of law. Structural error is found on very limited occasion in exceptional cases that render a trial fundamentally unfair as a vehicle for the determination of guilt or innocence. (*People v. Mendoza* (2016) 62 Cal.4th 856, 900.) This court has found no case law concluding that the absence of counsel at an initial arraignment constitutes structural error under every circumstance.

On the other hand, there are cases that hold that a complete denial of counsel at arraignment is not error per se and should be evaluated under the harmless beyond a reasonable doubt standard. (*People v. Cox* (1987) 193 Cal.App.3d 1434, 1440 [harmless error standard]; *Macias v. Municipal Court* (1986) 178 Cal.App.3d 568, 574-576 [not error per se]; *People v. Carlon* (1984) 161 Cal.App.3d 1193, 1196-1197 [harmless error standard]; see also *People v. Romero* (2008) 44 Cal.4th 386, 418-419 [applying harmless error standard to violation of defendant's constitutional right to be personally present at all critical stages of the trial].) It has also been held that generally the denial of a criminal defendant's Sixth Amendment right to counsel is subject to a finding of prejudice before dismissal is appropriate. (*People v. Hayes* (1988) 200 Cal.App.3d 400, 409-412 citing *United States v. Morrison* (1981) 449 U.S. 361, 364 [Sixth Amendment deprivations

6

subject to rule that remedies should be tailored to assure defendant effective assistance of counsel and a fair trial and require showing of prejudice to merit dismissal].)

In *People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, similar to *Jennings v. Superior Court*, *supra*, 66 Cal.2d 867 cited by petitioner, the court held that the denial of a substantial right, such as the right to presence of counsel, at a preliminary hearing rendered an ensuing commitment illegal and entitled a defendant to a dismissal under Penal Code section 995. (*Pompa-Ortiz*, at p. 523.) Nevertheless, the court determined that although the defendant had been entitled to have his motion to dismiss the information granted, that fact did not require that his conviction be reversed after an error-free trial coupled with no showing that his trial was prejudiced by the earlier error. (*Id*. at p. 530.) Although the court stated that a pretrial challenge to irregularities in the preliminary hearing would still proceed without the requirement to show prejudice (*id*. at p. 529), an issue that was not before it, we are not convinced that the rule applies in this case. (Cf. *Reilly v. Superior Court* (2013) 57 Cal.4th 641, 653 [*Pompa-Ortiz* dicta states only that under certain facts relief without a showing of prejudice *may* be warranted].)

Here, this court is narrowly focused on whether petitioner has demonstrated that the absence of counsel at his first arraignment was in any way prejudicial to him. As indicated *ante*, at the first hearing after the arraignment (held seven days later) petitioner was represented by counsel of his choice. Since that time, in addition to the hearings regarding the motion to dismiss that is the subject of this petition, petitioner has been represented by counsel of his choice at a preliminary hearing where he was held to answer on all counts and at his arraignments on the information and the first amended

7

information.  Petitioner makes no showing that the absence of counsel at the arraignment on the complaint resulted in any prejudice at these later hearings or will prejudice his eventual trial.  By analogy of reasoning to *People v. Pompa-Ortiz* developments in this action subsequent to the first arraignment have rendered any error at that hearing harmless beyond a reasonable doubt.  (*Chapman v. California* (1967) 386 U.S. 18, 24.) Even if we assume that the first arraignment in this case was not held in conformity with constitutional and statutory requirements, the trial court is not currently without jurisdiction to act (see *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288-291 [difference between fundamental jurisdiction and action in excess of authority possessed]) because any error in that proceeding has since been cured.

No other prejudice has been demonstrated.  Petitioner states that he was prejudiced by the denial of counsel of his choice but does not indicate that his chosen counsel would have done anything differently had he been present.  Petitioner claims he was not aware of his ability to present a challenge under Code of Civil Procedure section 170.6, to request to appear personally in court, or to argue for a reduction in bail (dubious claims given petitioner does not deny that he was a licensed attorney), but does not claim that he would have done so.  He also claims he was denied the right to waive time for his preliminary hearing (a right that he later exercised), and that he was denied his right to a speedy preliminary hearing because conflict counsel appointed to him did not prepare for that hearing.  However, private counsel was retained and appeared with petitioner at the pre-preliminary hearing that was set at the time of the first arraignment.  There is no claim that private counsel was not prepared to proceed in whatever manner was deemed

8

fit with respect to the preliminary hearing, in fact, the opposite is true. Finally, petitioner has not explained how any of these factors adversely affected the subsequent proceedings or will prevent him from receiving a fair trial on the merits.

Because we find an examination of the evidence proffered unnecessary to the resolution of this petition, the request for judicial notice filed by the People on September 21, 2015, is denied.

## DISPOSITION

The petition for writ of mandate/prohibition is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.